NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1733
_____

TYRONE D. PERKINS,
*Appellant*

v.

ERIC SHINSEKI, SECRETARY OF VETERANS AFFAIRS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-08-cv-01244)
District Judge:  Honorable Michael M. Baylson
_____

Submitted Under Third Circuit LAR 34.1(a)
December 12, 2013

Before:   MCKEE, *Chief Judge*, FUENTES, and SLOVITER, *Circuit Judges*

(Filed: January 24, 2014)
_____

O P I N I O N
_____

SLOVITER, *Circuit Judge*.

Tyrone Perkins (Perkins) appeals the District Court's denial of his motion for reinstatement to his position at the Department of Veterans Affairs (VA). Because the District Court did not abuse its discretion in denying Perkins' motion for reinstatement, we will affirm the judgment of the District Court.[1]

Because we write primarily for the benefit of the parties, we will recount only the essential facts. From 1977 to 2009, Perkins was employed by the VA Information Technology Center in Philadelphia. Between 2002 and 2009, he filed numerous Equal Employment Opportunity (EEO) complaints against his employers for racial discrimination. From 2006 until his retirement, Perkins requested several days off to seek medical care. On several occasions his managers found his documentation for these sick leave requests to be insufficient and filed Away Without Leave (AWOL) charges.

Perkins brought an action against the VA for acts of discrimination and retaliation for his EEO complaints, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*, and 42 U.S.C. § 1981a. A jury found that the VA retaliated against Perkins for his filing EEO complaints by unfairly charging him as AWOL for four days. However, the jury found that the VA did not discriminate against Perkins based on his race, particularly in failing to promote him in 2006, or in demoting him in 2009. The jury awarded Perkins $15,000 in damages and the court determined that Perkins was entitled to $1,853.28 in back pay. Perkins sought additional equitable relief before the District

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. This court has appellate jurisdiction under 28 U.S.C. §§ 1291, 1294.

Court, requesting reinstatement to a GS-11 position retroactive to August 1, 2009 and continuing through January 7, 2012. The District Court denied this relief. Perkins timely appeals, and contends that such relief is proper because the VA forced his early retirement by creating a hostile work environment, effectuating a constructive discharge.

In discriminatory discharge actions arising under Title VII, equitable remedies, including reinstatement, must be applied giving full consideration to the statute's "central goals of makewhole relief and deterrence." *Squires v. Bonser*, 54 F.3d 168, 171 (3d Cir. 1995). The District Court has broad discretion when it comes to fashioning equitable relief toward effecting the "make whole" doctrine. *See Eshelman v. Agere Systems, Inc.*, 554 F.3d 426, 440 (3d Cir. 2009). In reviewing a denial of a reinstatement, this court does not substitute its judgment for that of the District Court. *Squires*, 54 F.3d at 171. "We do, however, have an obligation to examine whether the equitable factors considered by the district court and the weight given to those factors are appropriate in light of the purposes underlying the statutory cause of action." *Id*.

We find that the District Court did not abuse its discretion in finding that reinstatement was not necessary to make Perkins whole. The jury found in favor of Perkins only on his claim that the VA had retaliated against him for his EEO complaints by charging him as AWOL. For this retaliation, the jury awarded Perkins $15,000 and the court determined he was entitled to back pay. The jury rejected Perkins' claims of racial discrimination underlying the EEO complaints, and specifically rejected his claim that the VA retaliated against him by failing to promote, and then demoting, him. Based on these jury findings, the District Court reasonably concluded that Perkins failed to

3

prove that he resigned due to a hostile work environment, and reasonably determined that reinstatement was not necessary in addition to the damages award to make him whole.

Because the District Court did not abuse its discretion in denying Perkins' motion for reinstatement, we will affirm.